PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHAWN HERMAN MCGEE,<br><br>    Defendant. | CASE NO. 4:25-CR-00024 JST<br><br>**GOVERNMENT'S DETENTION MEMORANDUM** |

## I. INTRODUCTION

Defendant Shawn Herman McGee has previously been convicted of multiple felonies—including for robbery and gun crimes—and has spent years in custody for those offenses. Nonetheless, neither his understanding that his conduct could land him in prison, nor the restrictions of probation were sufficient to deter him from committing the crime at issue in this case.

In the instant case, McGee led police on a high-speed car chase, discarded an AR-15 type .223 caliber short-barrel machinegun loaded with 63 rounds of ammunition, and subsequently fled on foot, all while on probation for 2022 felony convictions for robbery, false imprisonment, and grand theft. Despite his prior convictions and the restrictions imposed by the terms of his probation, McGee continues to commit crimes, acquire dangerous firearms and ammunition, and attempt to avoid capture by law enforcement. McGee's release form custody pending trial would present a serious danger to the community. It is imperative that he remain detained pending trial.

## II. BACKGROUND

### a. McGee, a Convicted Felon, Possessed a Loaded AR-15 Type Machinegun and Fled from Police

In the instant case, a grand jury indicted McGee with one count of Felon in Possession of Ammunition, a violation of 18 U.S.C. § 922(g)(1); one count of Possession of a Machinegun, a violation of 18 U.S.C. § 922(o); and one count of Possession of an Unregistered Firearm, a violation of 26 U.S.C. § 5861(d). On August 31, 2024, a San Leandro police officer attempted to conduct a stop of a car driven by a sole occupant who had been driving erratically and breaking multiple traffic laws. The driver fled, reaching speeds of 70 miles per hour on city streets, while police air support recorded the path of the vehicle. The recorded video shows the driver throwing something out of the window towards the curb, driving a few hundred feet farther, then abandoning the car to flee on foot. Officers eventually located and detained the driver (identified as McGee), who was hiding in the backyard shed of a nearby residence belonging to McGee's mother. McGee surrendered about 20 minutes after police contacted him, and only after his mother pled with him to exit the shed.

Officers recovered and searched the discarded bag, which contained a privately made, unserialized AR-15 type .223 caliber short barrel machinegun with a high-capacity magazines (pictured below).  The firearm contained a selector switch allowing the shooter to choose semi- or fully automatic mode when firing the rifle.  Officers removed 63 rounds of ammunition from the firearm, including one round from the chamber.



Officers located and searched the Lexus driven by McGee as he fled from police.  Inside the vehicle, officers located an ammunition box with 37 rounds of .45 caliber ammunition and an AR-style 30-round magazine, loaded with 19 rounds of 5.56 x 45mm ammunition.

    **b.**    **McGee Has Suffered Multiple Prior Felony Convictions, Including Violent Offenses and Gun Crimes, and Has Spent Years in Custody for Those Crimes.**

McGee's prior convictions include the following:

- September 2022:  robbery (Cal. Pen. Code § 211), false imprisonment (Cal. Pen. Code § 236), and grand theft from person (Cal. Pen. Code § 487(c)).
    - McGee received a stipulated sentence of one day in jail after serving four years in custody.  McGee was on probation for this offense at the time of the conduct in the instant case.

- January 2017:  felon in possession of firearm (Cal. Pen. Code § 29800(a)(1)), possession of assault weapon (Cal. Pen. Code § 30605(a)), prohibited possession of ammunition (Cal. Pen. Code § 30305(a)), making fake access cards (Cal. Pen. Code § 484I(c)), identify theft of over 10 victims (Cal. Pen. Code § 530.5(c)(3)).
    - McGee was sentenced to one year in jail.

- June 2011: possession/purchase of cocaine base for sale (Cal. Health & Safety Code § 11351.5).
    - McGee was sentenced to three years in prison.

- May 2009: possession/purchase of cocaine base for sale (Cal. Health & Safety Code § 11351.5).
  - McGee was ultimately sentenced to three years in prison following revocation of his release from custody.

### III. LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV. MCGEE'S CONTINUOUS CRIMINAL CONDUCT PROVES THAT HE IS A DANGER TO THE COMMUNITY

The United States submits that no condition or combination of conditions will protect the public should he be released from custody.

#### a. The Nature and Circumstances of the Offense Weigh in Favor of Detention

McGee's possession of an unregistered and unserialized, fully-automatic rifle with a high-capacity magazine and over one hundred rounds of ammunition makes clear the danger he poses to the

community. Despite his prior repeated arrests and convictions (including for violent crimes and gun crimes) and despite the restrictions imposed by the terms of his probation, McGee nonetheless acquired a loaded fully automatic rifle and refused to stop for police. The significant consequences of his prior convictions—including years of custodial time—and the conditions of his release did not deter him from driving erratically while possessing a machinegun, fleeing from police, and surrendering only upon a plea from his mother.

The nature and circumstances of the offense leave little doubt that, if released from custody, McGee would continue to acquire firearms and ammunition.

    **b.**    **Nature and Seriousness of the Danger to the Community**

McGee's repeated conduct proves that, if released, he has no intention of following the law and will acquire additional firearms and ammunition. And given his history of robbery, his release could have violent consequences.

    **c.**    **The Weight of the Evidence Against McGee Is Overwhelming**

The evidence against McGee is overwhelming. McGee, the sole occupant of his vehicle, began to flee from an officer during an attempted traffic stop. After the officer discontinued pursuit, a recording from an air unit captured McGee throwing a bag outside the car. Another officer recovered the bag, discovering the firearm and ammunition inside. McGee had abandoned his car and began to flee, but he eventually surrendered to officers.

    **d.**    **McGee's Criminal History and Prior Conduct—Including While on Probation—Demonstrate the Danger He Poses**

It is McGee's repeated criminal conduct that demonstrates the danger he poses to the community and proves that he has no intention of complying with any court orders. Despite the restrictions of probation, McGee has continued to commit crimes by acquiring firearms and ammunition. He is a danger to the public at large. McGee has already spent years in custody, but, as his conduct in the instant case proves, the prospect of additional prison time does not deter McGee from committing crimes and acquiring highly dangerous firearms.

**V.    CONCLUSION**

For the reasons set forth above, the defendant is a danger to the community. The Court should

1 therefore detain the defendant pending trial.

2

3 DATED: March 25, 2025           Respectfully submitted,

4           PATRICK D. ROBBINS
          Acting United States Attorney

5

6           */s/ Jonah P. Ross*
          JONAH P. ROSS

7           Assistant United States Attorney